**MILLS v PENN-LOX COMPANY et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17524. Decided June 17, 1940

300

Geo. C. McKelvey, St. Clairsville, for plaintiff-appellant.

Roger Zucker, Cleveland, for defendants-appellees.

## OPINION

By MORGAN, J.

In this case the trial court sustained the motion of defendants to strike the third amended petition from the files, from which ruling the plaintiff has filed his appeal on law.

The plaintiff in his original petition as a minority stockholder in The Penn-Lox Company, one of the defendants herein, sought an injunction to enjoin the sale of the assets of the said company. This action was not pressed and the plaintiff then filed an amended petition setting forth that nearly all of the assets of The Penn-Lox Company had been sold and seeking a declaratory judgment declaring that the plaintiff was entitled to be paid One Hundred Dollars ($100.00) a share for his stock in the Company. Before the defendants had demurred or answered to the

amended petition, the plaintiff filed a second amended petition, to which the defendants filed a motion to make more definite and certain by attaching to the pleading a copy of the notice and minutes of the meeting of the stockholders of The Penn-Lox Company held on December 6, 1937, which authorized the sale of the assets of the Company. This motion was granted by the trial court.

The plaintiff then re-filed his second amended petition with the addition of the notice and minutes of the stockholders meeting of December 6, 1937, as required by the trial court. To this second amended petition the defendants filed a demurrer which was sustained by the court.

The second amended petition alleged that The Penn-Lox Company was an Ohio corporation and the other defendant The National Cylinder Gas Company is an Illinois corporation qualified to do business in Ohio.

The National Cylinder Gas Company was the owner of more than two-thirds of the outstanding stock of The Penn-Lox Company and the plaintiff is a minority stockholder, being the owner of forty-six (46) shares of the Common Stock of The Penn-Lox Company.

That at a regularly called meeting of the stockholders of The Penn-Lox Company of which the plaintiff had notice, held on December 6, 1937, a resolution was passed to sell all of the assets of the company, to which resolution the plaintiff voted "no", thereby becoming a dissenting stockholder. The resolution to sell the assets was passed by a vote of 685 shares to 109 shares, the 685 shares being owned by The National Cylinder Gas Company and the 109 shares by the plaintiff and other minority stockholders.

The plaintiff then alleged in his second amended petition that on December 13, 1937, he duly notified The Penn-Lox Company in writing that he dissented from the action of the company in authorizing the sale of its assets and demanded that he be paid the reasonable cash value of his shares as of December 5, 1937, the day preceding the stockholders meeting and that he considered the reasonable value of his stock to be One Hundred Dollars per share or a total of $4600.00. That no counter-proposals had been filed by The Penn-Lox Company and that no petition had been filed in any court within the time prescribed by law to have the value of said shares determined and that thereby the value of said shares became fixed at law at $100.00 per share.

The second amended petition further alleged that the principal assets of The Penn-Lox Company consisted of a manufacturing plant containing two units for the manufacturing of liquid oxygen, located in Hazelton, Pa., and that in pursuance of the vote taken by the company on December 6, 1937, a liquidating officer appointed by the Board of Directors of the company sold the said assets at public auction on March 11, 1938 to its principal stockholder, the other defendant herein, The National Cylinder Gas Company, for the sum of Thirty Thousand Dollars ($30,000.00) cash, thereby effecting a consolidation of the two companies.

That at the time of the sale The Penn-Lox Company was solvent and its total indebtedness was less than five percent (5%) of its total assets. That there is sufficient money in the treasury of the company to pay plaintiff $100.00 a share for his stock with interest after the payment of all other liabilities of the company and plaintiff prays judgment against the defendant in the sum of $4600.00 with interest from December 6, 1937.

The demurrer of defendants to the second amended petition having been sustained by the court, the plaintiff, by leave of court, filed his third amended petition and had a new summons issued which was duly served on both defendants.

The defendants then filed their motion to strike the third amended petition from the files for the reason that as stated in the motion, "said third amended petition substantially changes the plaintiff's claim as set forth in the prayer of the petition."

The only question before this court at this time is whether the granting by the court of said motion to strike was error.

The third amended petition repeated all of the allegations contained in the second amended petition as to the meeting of the corporation held on December 6, 1937; the passing of the resolution at that meeting, to sell all of the assets of the company, with the plaintiff, a minority stockholder, voting "no"; the notice and demand filed by the plaintiff on December 13, 1937 as a dissenting stockholder, on the Penn-Lox Company, fixing the value of his stock at $100.00 per share or $4600.00 in all, and that the company made no counter-proposals to his demands and failed to file a petition in any court within the time prescribed by law to have the value of his shares determined, and that the principal assets of the company were sold on March 11, 1938 to the defendant, The National Cylinder Gas Company, for $30,000.00, thereby effecting a consolidation of the assets of the two companies.

It thus appears that all of the allegations in the second amended petition regarding plaintiff's claim as a dissenting stockholder of The Penn-Lox Company were repeated in the third amended petition.

The third amended petition contained some allegations not found in the second amended petition. The principal additional allegation was that by the plaintiff's purchase of his forty-six shares of the common stock of The Penn-Lox Company,

"The defendant, The Penn-Lox Company contracted with this plaintiff, among other things, that if at any time during the existence of said corporation a meeting should be called of its shareholders for the purpose of selling all or substantially all of its assets and he should not be in favor of said action and would dissent therefrom that he would be entitled to receive and to be paid the fair cash value of his shares as of the date preceding that upon which said vote was taken and

that in case he and the corporation could not agree upon the fair cash value of said shares that he would have the right to have the same appraised as provided in §8623-72 of the General Corporation Act of the State of Ohio."

The third amended petition contained also a new allegation to the effect that at the meeting of the stockholders of The Penn-Lox Company on December 6, 1937, a resolution was passed to dissolve the company,

"without any declaration that it is desirable to and that the corporation does elect to wind up and dissolve contrary to the provisions of §8623-79 GC of the State of Ohio."

The defendant, The National Cylinder Gas Company, voted its 685 shares in favor of the resolution to dissolve and the plaintiff and other minority stockholders voted their 109 shares against the resolution.

Whereas the prayer of the second amended petition was for a money judgment for $4600.00 and interest, the prayer of the third amended petition was as follows:

"WHEREFORE, plaintiff prays that the defendant, The National Cylinder Gas Company, and The Penn-Lox Company be declared Trustees for all of the property of the Penn-Lox Company and that the Court decree that they be estopped from denying his right to be paid the sum of One Hundred Dollars for each of his forty-six shares and that the defendants account to him for said sum, with interest at six percent from the 6th day of December, 1937, and for such other special and general relief as he may be entitled to in the premises."

Clearly, the prayer is not an essential part of the plaintiff's claim, and does not determine the character of a pleading. Therefore, the fact that the prayer asks relief in equity and

not a judgment at law, does not afford a sufficient reason to hold that the third amended petition "substantially changes the plaintiff's claim" from the claim as set forth in the second amended petition.

The paragraph in the third amended petition not found in the second amended petition which sets forth an alleged contract by the plaintiff's purchase of his stock, between plaintiff and The Penn-Lox Company by which the latter agreed in the case of the sale of the company's assets to pay the plaintiff for his shares their fair cash value as appraised and determined by §8623-72 GC, might have been open to a motion to separately state and number the plaintiff's causes of action but it cannot be maintained by the addition of this paragraph that the third amended petition "substantially changed the plaintiff's claim" as it was set forth in the second amended petition. The plaintiff's case in essence in both the second and third amended petitions is that he, a minority stockholder, by voting against the resolution to sell the assets of The Penn-Lox Company and by his subsequent actions, became and acquired the rights of a dissenting stockholder which he is attempting to enforce in this action.

The majority of this court therefore conclude that the trial court erred in striking the third amended petition from the files, for the reasons assigned.

However, if the third amended petition does not state a cause of action it might be urged that it was not prejudicial error to strike it from the files. It is our opinion that the third amended petition does state a cause of action.

The plaintiff claims that the resolution to sell the assets of Tne Penn-Lox Company passed at the meeting of the stockholders of the company on December 6, 1937, was passed under the authority granted in §8623-65 GC, and that it follows that the plaintiff had all of the rights of a dissenting stockholder as provided in §8623-72 GC. It is the claim of the defendant that the action of the Penn-Lox Company authorizing the sale of its assets, was taken pursuant to the sections of the Corporation Code dealing with the dissolution of corporations, being §§8623-79 to 8623-86 GC inclusive, and that the plaintiff does not have the rights of a dissenting stockholder where the sale of the assets of a corporation is made and authorized by the statutes governing the dissolution of corporations.

Exhibit "A" of the third amended petition discloses that on November 9, 1937 a notice was sent to all of the stockholders of The Penn-Lox Company of a stockholders meeting to be held on December 6, 1937 and that "said meeting is called for the purpose of dissolving The Penn-Lox Company."

Exhibit "B" of the third amended petition discloses that on November 24, 1937, another notice was sent to all of the stockholders of The Penn-Lox Company notifying them that at the meeting of the stockholders to be held on December 6, 1937, "there will also be an election of directors to fill the vacanies caused by certain resignations and the consideration of the question of selling the entire assets of said company."

That at the stockholders meeting on December 6, 1937 there was passed the following resolution:

"Resolved that this corporation be dissolved forthwith and that the officers be and they are hereby authorized to take whatever steps are necessary in the execution of any and all papers and the filing of same with the proper State officials for the purpose of consummating such dissolution."

The following resolution was also passed at the stockholders meeting on December 6, 1937:

"Resolved that the officers of this corporation be and they are hereby authorized to sell the entire assets of said The Penn-Lox Company, an Ohio corporation, and distribute the proceeds thereof accordingly."

Sec. 8623-79 GC provides that upon the passing by a corporation at a duly called meeting of its stockholders, of a resolution providing for the dissolution of the company there shall be filed in the office of the Secretary of State by the proper officers of the company a certificate of dissolution.

Sec. 8623-81 GC, provides for the publishing of the notice of dissolution and for notifying the shareholders and creditors of the company.

The sale of the assets of a company in the process of dissolution is provided for in §8623-82 GC as follows:

"The directors **named in such certificate** * * * shall act as a Board * * * until the corporation is completely wound up * * * and may * * * **sell its assets at public or private** sale. * * *" (Emphasis ours).

It is clear that under the sections of the Code controlling the dissolution of corporations, the authority of the directors to sell the corporation assets is conferred by statute and does not exist until the certificate of dissolution has been filed with the Secretary of State.

On December 6, 1937, The Penn-Lox Company took its first action looking to the dissolution of the corporation and at the same meeting passed the resolution authorizing the sale of its assets. It follows that this action was not authorized by §8623-82 GC, authorizing the sale of the assets of the corporation after the filing of the certificate of dissolution with the Secretary of State, and the only authority for said resolution to sell the assets of the company passed on December 6, 1937, is to be found in §8623-65 GC, and a minority dissenting stockholder has the protection on such sale of the provisions of §8623-72 GC.

Whether or not the plaintiff would have the rights of a dissenting stockholder under §8623-72 GC, if the sale of the assets of the Penn-Lox Company in this case had been made under the authority of §8623-82 **GC**, is not involved in this case on the present state of the record.

Sec. 8623-72 **GC**, by its terms applies to every section of the Corporate Code, §§8623-1 **to** 8623-138 **GC**, which include of course all dissolution sections of the code. Whether or not the broad and inclusive language of §8623-72 **GC** covers and protects the rights of minority dissenting stockholders when the assets of the company are sold on dissolution, raises an interesting and important question as to which we express no opinion.

We have one more observation to make generally in this case. In the absence of a statutory provision the entire property and assets of a corporation can be conveyed only by the assent of all the stockholders (10 O. Jur. 152) and it is the general principle controlling consolidation that such action must receive the unanimous consent of the stockholders in the consolidating corporation, unless the power to consolidate has been conferred by legislation. (10 O. Jur. 137).

The Ohio Corporation Code does away with the necessity of securing the consent of all of the stockholders of a corporation for the sale of all or substantially all of its assets or to enable it to consolidate with another corporation.

In exchange for taking away his rights to prevent consolidation or the sale of the corporate assets the Ohio Corporation Code gives to a minority nonconsenting stockholder certain rights of a dissenting stockholder. Courts should be careful not to weaken or fritter away by construction the protection given to minority stockholders by statute in substitution of the rights previously enjoyed by them and which are taken away by the Ohio Corporation Code.

TERRELL, PJ., concurs.
LIEGHLEY, J., dissents.